**FILED**

FILED

DEC 0 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEC 0 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

04 DEC -1 PM 5: 05

RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## NORTH DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| American Needle, Inc.<br>1275 Busch Parkway<br>Buffalo Grove, Illinois 60089, | ) ) ) ) ) **04C 7806** |
| Plaintiff | ) Civil Action No. |
| v. | ) Judge |
| New Orleans Louisiana Saints<br>5800 Airline Highway<br>Metaire, Lousiana 70003, | ) Magistrate Judge<br>) ) JUDGE MORAN<br>) ) ) |
| and | ) |
| Seattle Seahawks, Inc.<br>11220 N.E. 53rd Street<br>Kirkland, Washington 98033, | MAGISTRATE JUDGE NOLAN |
| and |  |
| The Oakland Raiders A.D. Football, Inc.<br>1220 Harbor Bay Parkway<br>Alameda, California 94502, | ) )<br>) |
| and |  |
| National Football League<br>280 Park Avenue<br>New York, New York 10017, | ) ) ) |
| and |  |
| Richardson Sports Limited Partnership<br>1901 Roxborough Road, Suite 211<br>Charlotte, North Carolina 28211, | ) ) |
| and |  |
| Detroit Lions, Inc.<br>1200 Featherstone Road<br>Pontiac, MI 48507, | ) ) |
| and |  |
|  | ) |

DOCKETED
DEC 6 2004

National Football League
  Properties, Inc.
280 Park Avenue
New York, New York 10017,

and

Minnesota Vikings Football Club, LLC Ltd)
9520 Viking Drive                   )
Eden Prairie, Minnesota 55344,    )
                                    )
                                    )

and

Houston NFL Holdings, L.P.      )
Houston NFL Holdings G.P., LLC  )
711 Louisiana, 33rd Floor       )
Houston, Texas 77002,          )
                                    )

and

Pro-Football, Inc.               )
21300 Redskin Park Drive      )
Ashburn, Virginia 22011,       )
                                    )
                                    )

and

Jacksonville Jaguars, Ltd.       )
One Alltel Stadium Plaza       )
Jacksonville, Florida 32202,     )
                                    )
                                    )

and

Five Smiths, Inc.               )
The Corporation Georgia       )
4400 Falcon Parkway          )
Flowery Branch, Georgia 30542   )
                                    )

and

Tennessee Football, L.P.       )
530 Gay Street              )
Knoxville, Tennessee 37902,    )
                                    )
                                    )

and

Pittsburgh Steelers Sports, Inc.  )
3400 South Water Street       )
Pittsburgh, Pennsylvania 15203,  )
                                    )
                                    )

Buffalo Bills, Inc.                          )
One Bills Drive                              )
Orchard Park, New York 14127,               )
                                             )
                                             )

and

Indianapolis Colts, Inc.                    )
7001 W. 56th Street                          )
Indianapolis, Indiana 46254,                )
                                             )
                                             )

and

San Francisco Forty Niners, Ltd.            )
Marie P. DeBartolo Sports Center            )
4949 Centennial Boulevard                    )
Santa Clara, California 95054,              )
                                             )

and

Chargers Football Company, LLC Ltd.         )
4020 Murphy Canyon Road                      )
San Diego, California 92123,                )
                                             )
                                             )

and

PDB Sports, Ltd.                            )
DBA Denver Broncos                           )
13655 Broncos Parkway                        )
Englewood, Colorado 80112,                  )
                                             )

and

New England Patriots L.P.                   )
One Patriot Place                            )
Foxboro, Massachusetts 02035,              )
                                             )
                                             )

and

B & B Holdings, Inc.                        )
8702 South Hardy Drive                      )
Tempe, Arizona 85284,                       )
                                             )
                                             )

and

Cincinnati Bengals, Inc.                    )
One Bengals Drive                            )
Cincinnati, Ohio 25204,                    )
                                             )
                                             )

and

St. Louis Rams Partnership )
St. Louis Rams Football Company, Inc. )
1 Rams Way )
St. Louis, Missouri 63045,

and

Green Bay Packers, Inc. )
1265 Lombardi Avenue )
Green Bay, Wisconsin 54304,

and

Miami Dolphins, Ltd. )
South Florida Football Corporation )
7500 S.W. 30th St. )
Davie, Florida 33314, )
)

and

New York Jets LLC )
1000 Fulton Avenue )
Hempstead, New York 11550, )
)
)

and

Dallas Cowboys Football Club, Ltd. )
One Cowboys Parkway )
Irving, Texas 75063, )
)
)

and

Kansas City Chiefs Football Club, Inc. )
One Arrowhead Drive )
Kansas City, Missouri 64129, )
)
)

and

Tampa Bay Area NFL Football, Inc. )
One Buccaneer Place )
Tampa, Florida 33607, )
)
)

and

Cleveland Browns Football Company LLC )
80 First Avenue )
Berea, Ohio 44017, )
)
)

and

and

Seattle Seahawks, Inc.                    )
11220 N.E. 53rd Street         )
Kirkland, Washington 98033,               )
                                          )
                                          )

and

New York Football Giants, Inc.            )
Giants Stadium                            )
East Rutherford, New Jersey 07073,        )
                                          )
                                          )

and

Philadelphia Eagles Football Club, Inc.   )
Broad Street & Pattison Avenue            )
Philadelphia, Pennsylvania 19148,         )
                                          )
                                          )

and

Reebok International, Ltd.

Defendantants.                            )


COMPLAINT


JURY TRAIL DEMANDED

## COMPLAINT

American Needle, Inc. hereby states its complaint against defendants in this matter.

## Jurisdiction and Venue

American Needle, Inc. brings this action pursuant to the antitrust laws of the United States, specifically the Sherman Act, 15 U.S.C. Section 1, *et seq.* This court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331(b).

## The Parties

1. Plaintiff American Needle, Inc. ("ANI") is an Illinois corporation. Its principal place of business is located at 1275 Busch Parkway, Buffalo Grove, Illinois. Among other things, plaintiff ANI is in the business of designing, manufacturing and selling headwear.

2. Defendant National Football League ("NFL") is an unincorporated association comprising, through their respective owners, the various football teams in the NFL (the "NFL Teams").

3. Defendant National Football League Properties, Inc. ("NFLP") is a Delaware corporation established pursuant to an agreement among the NFL and the constituent NFL Teams for the purpose or licensing the trademarks, logos and other indicia (together, "Trademarks") of the individual NFL Teams and the NFL for commercial use. Pursuant to an agreement among the NFL and

the NFL Teams, NFLP has the "exclusive right to license for commercial purposes" the Trademarks of the NFL and the individual NFL Teams.

4.     Defendant Reebok International, Ltd. is, among other things, a marketer of sports apparel and headwear.

5.     The remaining defendants, respectively, are owners of the individual member teams in the NFL.  Each such defendant, respectively, is also the owner of the trademarks, logos and other intellectual property associated with its team.

## General Facts

6.     As part of its headwear business, ANI designs, manufactures, and sells headwear that is decorated with the logos, trademarks and other indicia of various professional sports teams.

7.     For many years prior to March 2001, ANI was licensed by NFL Properties to design, manufacture, and sell headwear bearing the NFL Teams' respective Trademarks.

8.     Prior to December 2000, NFLP accepted applications for and granted licenses to various businesses (the "NFL Licensees") that incorporated the individual NFL Teams' Trademarks as decoration on apparel, including headwear, and other items for sale to the general public.

9.     Prior to December 2000, the various NFL Licensees competed with each other in their attempts to obtain an NFLP license.

2

10. The NFL Licensees also competed with each other in the design, manufacture and sale of products that incorporated the individual NFL Teams' trademarks as decoration on apparel, including headwear, and other items for sale to the general public.

11. In December 2000, the NFL, NFLP, and the individual NFL Teams jointly agreed that they would no longer grant multiple licenses to use the Trademarks of the individual NFL Teams and the NFL in apparel and headwear. Instead, they agreed to grant an exclusive license to a single marketer of apparel and headwear to use the Trademarks of the individual NFL Teams and the NFL. In doing so, the NFL, NFLP and the individual NFL Teams intended to create a monopoly in the granting of licenses to use the Trademarks of the individual NFL Teams and the NFL in apparel and headwear and in the manufacture, sale and distribution of apparel and headwear products bearing the Trademarks of the individual NFL Teams and the NFL.

12. Thereafter, NFLP, in combination with the NFL Teams and the NFL, entered into an agreement with Reebok, pursuant to which Reebok would be the exclusive provider of apparel and headwear bearing the Trademarks of the individual NFL Teams and the NFL. In doing so, the NFL, NFLP, the individual NFL Teams, and Reebok intended to create a monopoly in the granting of licenses to use the Trademarks of the individual NFL Teams and the NFL in apparel

and headwear and in the sale and distribution of apparel and
headwear products bearing the Trademarks of the individual NFL
Teams and the NFL.

13.  As a consequence of the agreement to grant an exclusive
license to Reebok, ANI and other NFL Licensees were notified by
NFLP that their licenses would not be renewed upon their
expiration.

14.  As a consequence of the agreement to grant an exclusive
license to Reebok, ANI's license to use the Trademarks of the
individual NFL Teams and the NFL was not renewed by NFLP when it
expired in March 2001.

<u>Relevant Markets</u>

15.  A relevant market for purposes of antitrust analysis in
this action is the market for obtaining licenses to use the
Trademarks of the individual NFL Teams and the NFL in the design,
manufacture, and sale of apparel for sale in the United States.

16.  A relevant market for purposes of antitrust analysis in
this action is the market for obtaining licenses to use the
Trademarks of the individual NFL Teams and the NFL in the design,
manufacture, and sale of headwear for sale in the United States.

17.  A relevant market for purposes of antitrust analysis in
this action is the wholesale market for the sale and distribution
of apparel products incorporating Trademarks of the individual
NFL Teams and the NFL within the United States.

18.  A relevant market for purposes of antitrust analysis in
this action is the wholesale market for the sale of headwear

4

products incorporating Trademarks of the individual NFL Teams and the NFL within the United States.

19. A relevant market for purposes of antitrust analysis in this action is the market for the manufacture of apparel products incorporating Trademarks of the individual NFL Teams and the NFL within the United States.

20. A relevant market for purposes of antitrust analysis in this action is the market for the manufacture of headwear products incorporating Trademarks of the individual NFL Teams and the NFL within the United States.

### Count I

### Sherman Act Section 2

### Monopolization

21. By their agreement to grant an exclusive license to Reebok, defendants have unlawfully monopolized each of the markets described in paragraphs 15-20 of this complaint.

22. As a result of the defendants' unlawful conduct, ANI has been damaged in an amount in excess of five million dollars.

### Count II

### Sherman Act Section 2

### Conspiracy to Monopolize

23. By their agreement to grant an exclusive license to Reebok, with the intention of creating a monopoly, defendants have unlawfully conspired to monopolize each of the markets described in paragraphs 15-20 of this complaint.

24.  As a result of the defendants' unlawful conduct, ANI
has been damaged in an amount in excess of five million dollars.

### Count III

### Sherman Act Section 2

### Attempt to Monopolize

25.  By their agreement to grant an exclusive license to
Reebok, with the intention of creating a monopoly, defendants
have unlawfully attempted to monopolize each of the markets
described in paragraphs 15-20 of this complaint.

26.  As a result of the defendants' unlawful conduct, ANI
has been damaged in an amount in excess of five million dollars.

### Count IV

### Sherman Act Section 1

### Restraint of Trade -- Per Se

27.  By their agreement to grant an exclusive license to
Reebok, defendants have unlawfully restrained trade in each of
the markets described in paragraphs 15-20 of this complaint.

28.  Defendants' restraint of trade constitutes a horizontal
price fixing agreement warranting per se treatment under Section
1 of the Sherman Act.

29.  Defendants' restraint of trade constitutes an unlawful
group boycott warranting per se treatment under Section 1 of the
Sherman Act.

30.  As a result of the defendants' unlawful conduct, ANI
has been damaged in an amount in excess of five million dollars.

## Count V

### Sherman Act Section 2

### Restraint of Trade -- Rule of Reason

31.  By their agreement to grant an exclusive license to Reebok, defendants have unreasonably restrained trade in each of the markets described in paragraphs 15-20 of this complaint.

32.  Defendants' restraint of trade constitutes a horizontal price fixing agreement warranting per se treatment under Section 1 of the Sherman Act.

33,  Defendants' restraint of trade constitutes an unlawful group boycott warranting per se treatment under Section 1 of the Sherman Act.

34.  As a result of the defendants' unlawful conduct, ANI has been damaged in an amount in excess of five million dollars.

### Relief

Therefore, plaintiff American Needle, Inc. respectfully requests that the court enter judgment in its favor, award it damages in an amount to be proved at trial, plus treble damages, its attorneys fees and costs, and an injunction prohibiting further violations of the antitrust laws by defendants.

Respectfully submitted,

Jeffrey M. Carey
1275 Busch Parkway
Buffalo Grove, Illinois 60089
847-215-0011, ext. 332
Attorney for
American Needle, Inc.

7

JS 44 (v. 3/99) **VIL COVER SHEET**

The J... civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

AMERICAN NEEDLE, INC

**DEFENDANTS**

NEW ORLEANS LOUISIANA SAINTS

DEC 01 2004

MICHAEL W. DOBBINS

**(b)** County of Residence of First Listed Plaintiff LAKE CLERK, U.S. DISTRICT COURT County of Residence of First Listed
(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

JEFFREY M CAREY
1275 BUSCH PARKWAY
BUFFALO GROVE ILL 60089 · 847-215-0011

**04C 7806**

JUDGE MORAN

MAGISTRATE JUDGE NOLAN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

SHERMAN ACT, 15 USC § 1 et seq. MONOPOLY; RESTRAINT OF TRADE

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes ☐ No

**VIII. This case** ☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case _____, previously dismissed by Judge _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

DEC 6 2004

DOCKETED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

04C 7806

FILED

DEC 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the Matter of

AMERICAN NEEDLE, INC.

v.

NEW ORLEANS LOUISIANA SAINTS et al.

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

04C 7806

AMERICAN NEEDLE, INC

JUDGE MORAN

| (A) | (B) |
|---|---|
| SIGNATURE Jeffrey M. Carey | SIGNATURE MAGISTRATE JUDGE NOLAN |
| NAME JEFFREY M. CAREY | NAME |
| FIRM | FIRM |
| STREET ADDRESS 1275 BUSCH PARKWAY | STREET ADDRESS |
| CITY/STATE/ZIP BUFFALO GROVE ILL 60089 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 847-215-0011 X332 / FAX NUMBER 847-215-0013 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6195343 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM DOCKETED DEC 6 2004 |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

INSTRUCTIONS FOR COMPLETING APPEARANCE FORM